# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOB ESCREZA MOHLER,** : | CIVIL ACTION NO. 4:17-CV-2261 |
| : | |
| **Plaintiff** : | (Chief Judge Conner) |
| : | |
| v. : | |
| : | |
| **GOLDEN 1 CREDIT UNION,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 17th day of January, 2019, upon consideration of the report (Doc. 15) of Magistrate Judge Karoline Mehalchick, recommending that the court grant the motion (Doc. 12) to dismiss filed by defendant Golden 1 Credit Union ("Golden 1") pursuant to Federal Rule of Civil Procedure 12(b)(2) and dismiss the complaint (Doc. 1) of *pro se* plaintiff Bob Escreza Mohler ("Mohler") for lack of personal jurisdiction, and also recommending that the court not exercise its discretion to transfer the matter *sua sponte* to another forum as Mohler did not request such transfer and does not attempt to identify another appropriate forum, and further upon consideration of Judge Mehalchick's order (Doc. 16) issued on the same day as her report, directing Mohler to, on or before December 26, 2018, either identify the John Doe defendants named in his complaint by providing a name and address therefor or notify the court of his intent to abandon his claims against the Doe defendants, and it appearing that Mohler does not object to Judge Mehalchick's report, see FED. R. CIV. P. 72(b)(2), and that he timely indicated his intent to abandon his claims against the Doe defendants as requested in the order

to show cause, (see Doc. 17),[1] and the court noting that failure to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following an independent review of the record, the court being in agreement with Judge Mehalchick's recommendation, and concluding that there is no clear error on the face of the record, it is hereby ORDERED that:

---

[1] On December 26, 2018, Mohler filed a document styled as a "modified complaint as ordered by the court." (Doc. 17). The document states on the first page that "Plaintiff has removed the Does 1-5 as ordered by the court." (Id. at 1). It is otherwise identical in all respects to the original complaint, except that Mohler replaces "Golden 1 Credit Union" with the short form "Golden" throughout the body of the document. Golden 1 responded to this filing with a motion (Doc. 18) to strike, asserting that it is an amended pleading filed in contravention of Judge Mehalchick's recommendation that Mohler be denied leave to amend. We disagree with Golden 1's interpretation of Mohler's filing. We do not construe the filing to be an amended pleading endeavoring to cure jurisdictional defects identified in Judge Mehalchick's report. Based on the language employed by Mohler, we consider the filing to be the "notice" contemplated by paragraph 3 of Judge Mehalchick's show cause order. Accordingly, we will deny Golden 1's motion to strike as moot.

The report (Doc. 15) of Magistrate Judge Mehalchick is ADOPTED.

1. Golden 1's motion (Doc. 12) to dismiss Mohler's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) is GRANTED.

2. Mohler's complaint (Doc. 1) is DISMISSED for lack of personal jurisdiction without prejudice to Mohler's right to refile his complaint in another forum.

3. Golden 1's motion (Doc. 18) to strike is DENIED as moot.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania